McIlvaine, J.
We have considered two questions in this case — 1- Was evidence improperly admitted on the part of defendant 1 2. Did the court err in the charge to the jury ?
1. The issue to which the evidence referred to relates was, in substance, as to the relation between the parties of indorser and indorsee. The controversy was as to the existence of a contract of indorsement, and not as to the terms of the contract. That the name of the defendant was on the back of the note at the time he transferred it to the plaintiff was not disputed, nor was it disputed that the name was writ *621 ten there long before the transfer and for a purpose other than such transfer. That the presence of defendant’s name in blank upon the -back of the note at the time of its sale and delivery to the plaintiff, is prima facie evidence of a contract of indorsement is undoubtedly true, nor do we think the prima facie case thus made is wholly overcome by showing that the name was previously written for another purpose, for the reason that if both parties knew of the existence of the previous indorsement it is presumable that it was adopted as a present indorsement, and as evidence of the contract of sale and transfer, but prima fa,cie only. Surely, as between the parties, it would be unjust to conclude the apparent indorser contrary to the true meaning and intention of the parties. And -we can see no good reason for holding that the declarations and conversation of the parties at the time, and parts of the res gesta, are incompetent to prove the true meaning and intention of the parties. Morris v. Faurot, 21 Ohio St. 155.
2. The plaintiff requested the court to charge the jury, that “if the jury found the facts, as claimed by the plaintiff to be true, then there was a sufficient demand and notice, under the circumstances, to entitle the plaintiff to recover,” which the court refused.
The court also refused to charge the following, as requested :
“If the jury find that Wolcott, the maker of the note described in the petition, was insolvent, and that Burt, the defendant, when he transferred it to plaintiff for a valuable consideration, had made an effort to collect it of Wolcott and had failed; and if, when he transferred it, he said to the plaintiff, pointing to his indorsement, this is the security I give you for the note, and the plaintiff said I will take it if Wolcott, the maker, says it is all right, and that he would pay it, or words to that effect, and then both plaintiff and Burt went to where Wolcott, the maker, was, and the plaintiff had a conversation with Wolcott, asking him if he could pay the note, and Wolcott, in substance, said he thought he could pay it soon, or within about thirty days, and the plaintiff communicated to Burt this conversation, and said he *622 would take the note, and then Burt handed him the note, being on the same day and on the occasion of the visit of the plaintiff and Burt to Wolcott, to ascertain whether the plaintiff would take the note of Burt; that this state of facts was such demand of payment of the maker by plaintiff and notice to Burt of non-payment as would make him liable as indorser of the note to plaintiff without further demand and notice.”
Also, £<If the jury find from the statements of Burt to plaintiff, prior to a transfer of the note to him by Burt, that Wolcott, the maker, was insolvent, that he liad been unable to get it from Wolcott, but perhaps he, the plaintiff, could get it out of him as an old schoolmate, and he desired him to take it and collect it of Wolcott if he could, or if there was such conduct on the part of the indorser Burt as is calculated to put a reasonable person off his guard, or .to induce him to omit that prompt demand which, under other circumstances, would be necessary, and to omit to give notice of dishonor ; in that case neither demand or notice is necessary to hold Burt on his indorsement.”
But the court did charge as follows :
“ That the plaintiff, to entitle him to recover, must have been the owner of the note at the time the demand was made, and that the plaintiff could not have been the owner of the note at the time of plaintiff’s talk with the maker of the note at Ravenna, if plaintiff had not then agreed to take the note, and that plaintiff’s receiving the note immediately after said talk would not date back and make him the owner of the note at the time when plaintiff talked with Wolcott about Wolcott’s being able to pay it;” to which charge of the court, as given, the plaintiff at the time excepted.
And the court also charged the jury that if they ££ found that on the 27th day of May, 1875, the plaintiff saw the maker of the note, and that the maker promised to pay it in 30 days, and the indorser agreed to the extension, then in that case, demand on the maker must be made on the 30th day there *623 after, without three days of grace, and notice given to the indorser Burt, within a reasonable time thereafter; that a demand of payment on the 6th day of July following, and notice of non-payment to defendant Burt, the indorser, the next day thereafter, would not be sufficient notice to hold the indorser, because the parties both live in the same neighborhood to which charge of the court the plaintiff, at the time, excepted.
It will be observed that the plaintiff placed his case upon the ground, -(assuming that the relation of indorser and indorsee existed between the parties), that demand of payment from the maker, and notice of non-payment to the indorser, had been waived, while the court placed the right of the plaintiff to recover, upon strict compliance with the rules of commercial law in respect to demand and notice, when the same had not been waived.
We think the plaintiff was entitled to have the claim of waiver fairly submitted to the jury.
The charge as given excluded a consideration of that claim by the jury. Indeed we think, the jury should have been instructed, that demand and notice were waived, if the facts claimed by the plaintiff were true.
We concede that demand and notice were not proven, as required by law in cases where demand and notice are necessary to hold the indorser; but we think such proof was not essential to the plaintiff’s recovery under the circumstances of this indorsement. At the time of the indorsement the parties thereto were fully informed that the maker could not at that time make payment, nor probably within 30 days, and the inference is clear that parties, indorser and indorsee, intended to await payment for that period. If so, demand and notice within that period were waived. And clearly, demand and notice, under the circumstances, were not required at the end of the 30 days by any rule of law, for the reason that the note had been long past due, and no contract had been made with the maker to extend the date of payment to any other time than that named in the note itself; so that neither the rule of law in respect to demand and notice at maturity of commer *624 cial paper indorsed before maturity, nor that in respect to indorsement of paper past due, were applicable in this case, after the lapse of 30 days from the date of the transfer.

Judgment reversed.